Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| NICOLAS MORALES MEDINA<br><br>Demandante-Apelado<br><br>VS.<br><br>CARMEN, AIDA L. MILTON todos de apellido MORALES MEDINA, SUCESIONES DESCONOCIDAS DE GILBERTO MORALES MEDINA Y DE MANUEL A. MORALES MEDINA<br><br>Demandados-Apelantes | TA2025AP00107 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Añasco<br><br>Sobre:<br><br>PRESCRIPCION ADQUISITIVA EXTRAORDINARIA POR USUCAPION |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de agosto de 2025.

Comparece ante nos, el Sr. Milton Morales Medina (señor Morales Medina o Apelante), y solicita que revoquemos la *Sentencia* emitida y notificada el 9 de junio de 2025 por el Tribunal de Primera Instancia, Sala de Añasco. Mediante el referido dictamen, el foro de instancia declaró *Ha Lugar* la demanda presentada por la parte apelada, el Sr. Nicolás Morales Medina y le concedió la titularidad de un inmueble que llevaba ocupando por más de treinta (30) años.

Considerado el recurso de epígrafe a la luz del derecho aplicable, procedemos a desestimarlo por falta de jurisdicción.

### -I-

El 20 de diciembre de 2024, la parte apelada instó una causa de acción de usucapión en contra de las partes Milton Morales Medina, Carmen Morales Medina, Aida Morales Medina y las

sucesiones de Gilberto Morales Medina y Manuel Morales Medina.[1] En la misma, la parte apelada indicó que para el año 1960 construyó un bien inmueble en el terreno de su padre ubicado en la Calle Acueducto del Barrio Espino, km. 5.4, en el municipio de Añasco, Puerto Rico. Por otro lado, sostuvo que entre los años 1962 y 1965, se trasladó para el estado de Nueva York por razones de empleo. Sin embargo, alegó que para el año 1973 hasta el presente ha residido permanentemente en la propiedad que era de sus padres. De igual forma, arguyó que los codemandados nunca han reclamado ningún derecho hereditario sobre la propiedad que la parte apelada ha ocupado por más de cincuenta (50) años. Por tanto, solicitó al foro primario que le concediera la adquisición de dominio e inscripción del inmueble objeto a controversia.

Posteriormente, fueron expedidos los emplazamientos a las partes codemandadas del presente caso. En cumplimiento con el trámite procesal, el 24 de enero de 2025, la parte apelada presentó una *Moción Sometiendo Emplazamientos Diligenciados*.[2] En la referida moción, el apelado evidenció los emplazamientos diligenciados sobre las partes, Carmen Morales Medina, Aida Morales Medina y Milton Morales Medina. Por desconocer el paradero de las otras partes del pleito, el apelado radicó, el 11 de febrero de 2025, una *Moción Sometiendo Emplazamiento por Edicto Diligenciado*.[3] Según surge, presentó evidencia de la publicación del edicto difundida el 4 de febrero de 2025, en el periódico "El Vocero de Puerto Rico".

Luego de varios incidentes procesales, el 14 de febrero de 2025, la parte apelada presentó una *Solicitud de Sentencia Sumaria*, en la que planteó que no existía una controversia sustancial de

---

[1] Surge del expediente electrónico SUMAC, entrada núm. 1.
[2] *Íd.,* entrada núm. 7.
[3] *Íd.,* entrada núm. 10.

hechos, por lo que solicitó que se le adjudicara la titularidad del inmueble que ocupaba por más de treinta (30) años.[4] A tenor con lo anterior, la parte apelante presentó el 20 de marzo de 2025, una *Moción en Oposición a Solicitud de Sentencia Sumaria*.[5] Al respecto, sostuvo que existían hechos en controversia para determinar la titularidad del bien inmueble. Por lo cual, solicitó al foro de instancia que denegara la solicitud de sentencia sumaria.

Una vez examinados los planteamientos de las partes, el 9 de junio de 2025, el foro primario dictó *Sentencia* por la vía sumaria.[6] Mediante la misma, el tribunal indicó que una de las partes fue emplazada personalmente y otra por edicto. De igual forma, enfatizó que sólo compareció el señor Milton Morales Medina. En consecuencia, declaró *Con Lugar* la demanda presentada por la parte apelada por entender que no existían controversias sustanciales de hechos. A su vez, le concedió al señor Nicolás Morales Medina la titularidad total del inmueble en controversia. Ese mismo día, el tribunal emitió la *Notificación de Sentencia por Edicto* para las sucesiones de Gilberto y Manuel Morales Medina.[7]

Inconforme con la determinación, el apelante acude ante este Foro mediante recurso de apelación el, 9 de julio de 2025. Planteó los siguientes señalamientos de error:

> PRIMER ERROR: "Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Añasco al emitir sentencia sumaria cuando existen hechos materiales en controversia."

> SEGUNDO ERROR: "Erró el Honorable Tribunal de Primera Instancia, Sala superior de Añasco el entender que aplica la prescripción adquisitiva sobre una propiedad que no tiene dominio la parte Demandante".

Examinado el recurso en su totalidad y con la comparecencia de las partes, mediante Alegato en Oposición a Recurso de Apelación

---

[4] *Íd.,* entrada núm. 16.
[5] *Íd.,* entrada núm. 25.
[6] *Íd.,* entrada núm. 32.
[7] *Íd.,* entrada núm. 33.

instado el 31 de julio de 2025, procedemos a establecer el derecho aplicable.

*-II-*

*-A-*

En nuestro ordenamiento jurídico, el emplazamiento "representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial." *Acosta v. ABC, Inc.*, 142 DPR 927, 931 (1997). Así, pues, el emplazamiento persigue, primordialmente, dos propósitos: (1) notificar a la parte demandada en un pleito civil que se ha instado una reclamación judicial en su contra, y (2) garantizarle su derecho a ser oído y a defenderse. *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 620 (2022). De otra parte, el emplazamiento constituye el medio por el cual los tribunales adquieren jurisdicción sobre la persona del demandado, de forma tal que el emplazado quede obligado por el dictamen que finalmente se emita. *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021).

Los requisitos de un emplazamiento son de cumplimiento estricto, ya que su adecuado diligenciamiento constituye un imperativo constitucional del debido proceso de ley. *Torres Zayas v. Montano Gómez et al.*, 199 DPR 458, 468 (2017). A tales efectos, todo demandado tiene el derecho a ser emplazado "conforme a derecho y existe en nuestro ordenamiento una política pública de que la parte demandada debe ser emplazada debidamente para evitar el fraude y que se utilicen procedimientos judiciales con el propósito de privar a una persona de su propiedad sin el debido proceso de ley". *First Bank of P.R. v. Inmob. Nac., Inc.*, 144 DPR 901, 916 (1998).

En cuanto al diligenciamiento de los emplazamientos, las Reglas de Procedimiento Civil permiten el emplazamiento personal o mediante edictos. *Caribbean Orthopedics v. Medshape et al.*, 207

DPR 994, 1005 (2021). Aunque como regla general es requerido el emplazamiento personal como método idóneo para el tribunal adquirir jurisdicción, se ha reconocido como excepción, y ante circunstancias específicas, el emplazamiento por edicto. *Íd.* Según la Regla 4.6 de Procedimiento Civil, se podrá emplazar mediante la publicación de un edicto cuando la parte: (1) esté fuera de Puerto Rico, (2) o estando en Puerto Rico, no pudo ser localizada después de realizar las diligencias pertinentes, (3) se oculte para no ser emplazada, (4) o cuando sea una corporación extranjera sin agente residente. 32 LPRA Ap. V, R. 4.6. En cualquiera de estas instancias, se requiere que la parte demandante demuestre, a satisfacción del tribunal mediante declaración jurada, las diligencias realizadas para llevar a cabo el emplazamiento personal de la parte demandada. *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 865 (2005). La declaración jurada que a ese efecto se preste debe contener hechos específicos y detallados demostrativos de esa diligencia y no meras generalidades. *Íd.* Además, la razonabilidad y suficiencia de las gestiones efectuadas se medirá en función de si se trata de diligencias potencialmente efectivas para encontrar al demandado, por lo que dependerá de las circunstancias particulares de cada caso, las cuales el juez corroborará a su satisfacción antes de autorizar el emplazamiento por edicto. *Lanzó Llanos v. Banco de Vivienda*, 133 DPR 507, 513-515 (1993).

Luego de autorizado el emplazamiento por edicto, el demandante tendrá que cumplir con los requisitos establecidos en la Regla 4.6 de Procedimiento Civil, *supra.* En lo pertinente al caso de autos, el demandante deberá:

> [...] dentro de los diez (10) días siguientes a la publicación del edicto [dirigirle] a la parte demandada una **copia del emplazamiento y de la demanda presentada**, **por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo [...] al lugar de su última dirección física o postal conocida**. 32 LPRA Ap. V, R. 4.6 (Énfasis nuestro).

**-B-**

La notificación y el archivo en autos de una copia de la notificación de una sentencia resulta ser una etapa crucial del proceso adjudicativo. *Yumac Home v. Empresas Massó,* 194 DPR 96, 105 (2015). Es a partir de ese momento que la sentencia se considera final más no firme, y que comienza a decursar el término para apelar. *Íd.* Este deber de notificar las sentencias no constituye un mero requisito impuesto por las Reglas de Procedimiento Civil sino de debido proceso de ley. *Íd.*

Del mismo modo, para que lo determinado por el tribunal en una resolución u orden surta efecto, el debido proceso de ley requiere, como mínimo, que se les notifique a las partes de dicha resolución u orden. *Caro v. Cardona,* 158 DPR 592, 599 (2003). Sólo así pueden las partes advenir en conocimiento de lo que el tribunal ha resuelto y ordenado y pueden oportunamente solicitar los remedios que entienden procedentes. *Íd.* [H]asta que no se notifica adecuadamente a las partes una resolución, orden o sentencia, ésta no surte efectos y los distintos términos que de ella dimanan no comienzan a decursar. *Íd.,* págs. 599-600. Resulta claro que ¨la correcta y oportuna notificación de las órdenes y sentencias es requisito sine qua non de un ordenado sistema judicial¨. J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil* San Juan, Pubs. J.T.S., Vol. II, pág. 436.

En lo pertinente al caso de marras, la Regla 65.3 de Procedimiento Civil, dispone cómo se debe notificar una sentencia a un demandado, que fue emplazado por edicto, pero que no ha comparecido, y por consiguiente ha sido anotada su rebeldía. 32 LPRA Ap. V, R. 65.3. Así, pues, el inciso c de la citada Regla dispone:

> En caso de desconocer la última dirección, se procederá a notificar la sentencia por edicto, de la misma forma como si la persona hubiera sido emplazada por edicto, según se describe a continuación. En el caso de partes en rebeldía que hayan sido emplazadas por edicto y que nunca hayan comparecido en autos o

de partes demandadas desconocidas, el Secretario o Secretaria expedirá un aviso de notificación de sentencia por edictos para su publicación por la parte demandante. El aviso dispondrá que éste, debe publicarse una sola vez en un periódico de circulación general en la Isla de Puerto Rico dentro de los diez (10) días siguientes a su notificación e informará a la parte demandada de la sentencia dictada y del término para apelar. Copia del aviso de notificación de sentencia publicado será notificada a la parte demandada por correo certificado con acuse de recibo dentro del término de diez (10) días luego de la publicación del edicto a la última dirección conocida del demandado. Todos los términos comenzarán a computarse a partir de la fecha de la publicación del edicto, la cual deberá acreditarse mediante una declaración jurada del (de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto.

Asimismo, sobre este particular, Nuestro Más Alto Foro ha enfatizado que bajo dicha regla, el Tribunal tiene la obligación de notificar una Sentencia en Rebeldía por edicto para su publicación por la parte demandante en tres circunstancias determinadas. Entre estas, cuando la parte se emplazó por edicto, cuando la parte no compareció o cuando era un demandado desconocido. *Yumac Home v. Empresas Massó.,* supra, pág. 109.

Por otra parte, Nuestro Tribunal Supremo ha enfatizado la importancia en la corrección de las órdenes y sentencias emitidas por los tribunales. En particular, ha dispuesto que "la notificación defectuosa priva de jurisdicción al foro revisor para entender sobre el asunto impugnado [...] y tiene el efecto de que el recurso que se presente ante un tribunal de mayor jerarquía sería prematuro". *Puerto Rico Eco Park v. Municipio de Yauco*, 202 DPR 525, 538 (2019). Esto, por razón de que "[n]o podemos pasar por alto que la falta de jurisdicción sobre la materia es una defensa irrenunciable, que puede ser planteada a petición de parte o el tribunal *motu proprio* y en cualquier etapa de los procedimientos, incluso en fases apelativas. Como la falta de jurisdicción incide sobre el poder mismo para adjudicar la controversia, los tribunales tienen el deber ministerial de evaluar el planteamiento con rigurosidad". *Íd.,* pág. 539.

**-C-**

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración *Freire Ruiz de Val y otros v. Morales Román*, 2024 TSPR 129, 214 DPR ___ (2024); *R & B Power Inc. v. Junta de Subasta ASG*, 213 DPR 685,698 (2024); *Matos, Sostre v. Registradora*, 213 DPR 348, 354 (2023); *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023); *FCPR v. ELA et al.,* 211 DPR 521, 529 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.*, 210 DPR 384, 394 (2022). Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela ni las partes pueden otorgársela. *Ríos Martínez, Com. Alt. PNP v. CLE*, 196 DPR 289, 296 (2016). Es norma reiterada en nuestro ordenamiento, que: **"los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen"**. *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de jurisdicción es insubsanable. *Pueblo v. Ríos Nieves*, 209 DPR 264, 274 (2022); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018); *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012). Reiteramos que las cuestiones relativas a la jurisdicción de los tribunales para atender los recursos ante su consideración constituyen materia privilegiada. *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018). De manera que, debido a su naturaleza privilegiada, las cuestiones de jurisdicción deben ser resueltas con preferencia, ya sea porque fuera cuestionada o motu proprio, pues, por su naturaleza, incide directamente sobre el poder que tiene para adjudicar las controversias. *Íd.*

### -III-

Un examen del expediente que nos ocupa muestra que la *Sentencia* emitida y notificada el 9 de junio de 2025, no fue notificada por edicto. Según se sostuvo, las partes codemandadas, las sucesiones de Gilberto y Manuel Morales Medina, fueron emplazadas por edicto el día, 4 de febrero de 2025, mediante publicación en el periódico "El Vocero de Puerto Rico" y nunca comparecieron a los procesos ante el Tribunal de Primera Instancia. Surge además, que el Tribunal de Primera Instancia, expidió un aviso de notificación de sentencia a ser publicado mediante edicto, conforme lo establece la Regla 65.3 de Procedimiento Civil, *supra*. En el presente caso, las partes codemandadas fueron emplazadas por edicto, por lo que el dictamen emitido por el foro primario debió también notificarse por edicto, a tenor de la normativa de *Yumac Home v. Empresas Massó, supra.*

Tal cual esbozado, no es hasta el momento en que se publica la sentencia por edicto que comienza a transcurrir el término del cual disponen las partes para presentar el recurso de apelación ante este Foro. Enfatizamos, que el expediente electrónico presentado ante nos, carece de una declaración jurada del administrador o de un representante autorizado del periódico, acompañado de una copia del edicto publicado. Por tanto, no podemos concluir que la *Sentencia* apelada fue publicada en un periódico de circulación general.

A la luz de los fundamentos antes esbozados, justipreciamos que las deficiencias en la notificación de la sentencia apelada, nos priva de jurisdicción, toda vez que el término para acudir en apelación no ha comenzado a transcurrir, por lo que no nos queda de otra solución que ordenar su desestimación.

### *-IV-*

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, *desestimamos* el recurso de epígrafe, por falta de jurisdicción ante una presentación defectuosa del recurso.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones